UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HOSEY WHITMORE, <br><br> Plaintiff, <br><br> v. <br><br> WILLIE RUCKER *et al.*, <br><br> Defendants. | CAUSE NO. 3:21-CV-6 DRL-MGG |

OPINION AND ORDER

Hosey Whitmore, a prisoner without a lawyer, filed a complaint against Dental Director Willie Rucker, Regional Dental Director Dr. Pearcy, and Wexford of Indiana, LLC, because he was unhappy with the dental care he received while incarcerated at Indiana State Prison. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Whitmore alleges that, on June 17, 2019, he sent a health care request form because he needed treatment for severe pain on the left side of his mouth. He saw Dr. Willie Rucker three days later. Dr. Rucker ordered an x-ray, and Mr. Whitmore was told

that he needed to see a dental surgeon to have his tooth removed. Mr. Whitmore was placed on a waiting list to be seen by an outside provider. He was not provided with pain medication, and he was charged $5.00.[1]

Mr. Whitmore's pain fluctuated. It was always there, but at times it was excruciating. He also noticed that his gums were inflamed and dark around the tooth that needed to be removed. When Mr. Whitmore's tooth still had not been removed on October 30, 2019, he submitted another health care request form. Mr. Whitmore was seen by a dental assistant on October 7, 2019. She asked Dr. Rucker to look at Mr. Whitmore's tooth, and he prescribed an antibiotic and a ten-day supply of Tylenol. The medical records indicated that Mr. Whitmore had been denied oral surgery, but Dr. Rucker did not explain this to Mr. Whitmore at that appointment; he instead received a notice in the mail the next day. The request for oral surgery was denied by Dr. Pearcy through Wexford's Collegial Review process, a process designed to save money by limiting outpatient care and utilizing alternative treatments that are less expensive. Under this process, the treating physician must discuss the inmate's condition and alternative lower-cost treatments with the Regional Medial Director. The Regional Medical Director does not treat inmates, but frequently overrules the recommendations of treating physicians.

On January 6, 2020, Mr. Whitmore filed another health care request form. Dr. Rucker saw Mr. Whitmore on January 8, 2020. He was provided with more Tylenol and

---

[1] The Constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Mr. Whitmore does not allege that he was denied necessary care because he could not afford the $5.00 fee, so he cannot proceed on this claim.

told that he would submit another request for approval for oral surgery. Mr. Whitmore continued to suffer excruciating pain. More than a month later, on February 12, 2020, the tooth was surgically removed.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, the complaint alleges facts from which it can be plausibly inferred that both Dr. Rucker and Dr. Pearcy were deliberately indifferent to Mr. Whitmore's serious medical needs. Therefore, he will be granted leave to proceed against them.

Mr. Whitmore has also sued Wexford of Indiana, LLC, a private company that is under contract to provide medical care to inmates housed at Indiana State Prison. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.*

The collegial review policy that Mr. Whitmore describes is not, on its face, unconstitutional. "[A]dministrative convenience and cost may be, in appropriate circumstances, *permissible factors* for correctional systems to consider in making treatment decisions." *Roe v. Elyea*, 631 F.3d 843, 863 (7th Cir. 2011) (emphasis in original). The Constitution is only violated when those factors are considered "*to the exclusion of reasonable medical judgment* about inmate health." *Id.* (emphasis in original). *See e.g. Barrow v. Wexford Health Servs., Inc.*, 816 F. Appx. 1, 5 (7th Cir. 2020) (noting that Wexford's policies of "collegial review" and "cost minimization" were not facially unconstitutional and affirming dismissal of inmate's claim because he did not provide evidence he was injured by treatment decisions that were driven by cost-savings). Mr. Whitmore alleges that, in practice, the collegial review process routinely results in the denial of necessary care, and that the policy resulted in him being denied constitutionally adequate care because it resulted in the treating physician's referral for necessary medical care being

4

overruled. While further factual development may demonstrate that Mr. Whitmore's care was not constitutionally inadequate or that the care he received (or lack thereof) was not due to the alleged policy, the complaint plausibly alleges that the collegial review policy resulted in constitutionally inadequate care.

For these reasons, the court:

(1) GRANTS Hosey Whitmore leave to proceed against Willie Rucker and Dr. Pearcy in their individual capacities for compensatory, punitive, and nominal damages for deliberate indifference to his medical needs from June 17, 2019, to February 12, 2020, in violation of the Eighth Amendment;

(2) GRANTS Hosey Whitmore leave to proceed against Wexford of Indiana, LLC for compensatory, punitive, and nominal damages for following a collegial review policy that resulted in him receiving constitutionally inadequate care for the painful condition that developed on June 17, 2019, in violation of the Eighth Amendment    ;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Willie Rucker, Dr. Pearcy, and Wexford of Indiana, LLC, at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Willie Rucker, Dr. Pearcy, and Wexford of Indiana, LLC to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 29, 2021  *s/ Damon R. Leichty*
Judge, United States District Court